## SOUTHERN SECURITY & TRUST CO. v. HUTCHESON et al. (No. 6762.)

(Court of Civil Appeals of Texas. San Antonio. May 10, 1922.)

Pleading ⬳228—A contract read as a part of an answer must be considered on exception as part of the pleading and objection to it, as improper evidence will not lie.

Where a contract was read as a part of the appellee's answer, which was filed before exceptions were acted upon, it must be considered in connection with the petition as part of the pleading and an objection to it as inadmissible extraneous evidence will not lie.

Appeal from Hood County Court; R. M. Mugg, Judge.

Action by the Southern Security & Trust Company against Arthur Hutcheson and others. There was a judgment of dismissal, and plaintiff appeals. Affirmed.

Estes, Estes & Roark, of Granbury, for appellant.

B. H. Oxford, of Stephenville, for appellees.

FLY, C. J. Appellant instituted action against A. T. Keith, Arthur Hutcheson, Arthur Holmes, and William M. Campbell for debt, alleging that it was a private corporation incorporated under the laws of Louisiana, that Arthur Holmes and William Campbell operated a general grocery store in the town of Granbury, Tex., under the trade-name of Sanitary Grocery Company; that on August 16, 1919, the Sanitary Grocery Company, composed at that time of Arthur Hutcheson and A. T. Keith, made, executed, and delivered to the Aluminum Goods Company two trade acceptances for $226.21 each; that appellant was the legal owner and holder of said acceptances; that in 1919 Arthur Hutcheson and A. T. Keith, at that time composing the firm of the Sanitary Grocery Company, made a sale in bulk of the stock of goods to Arthur Holmes and William Campbell, without giving legal notice to creditors. The remarkable prayer of appellant is as follows:

"Wherefore, premises considered, the plaintiff prays that the defendants be cited to appear and answer this petition; that upon its filing the proper affidavit and bond writ of garnishment issue against the property of the defendants; that upon its filing the proper affidavit and bond a writ of attachment issue against the property of said defendants for enough to satisfy and secure the payment of the foregoing indebtedness; that upon a hearing of this cause, plaintiff have judgment against the said defendants for its said debt, interest, and attorney's fees and costs of suit; that it have judgment establishing its attachment lien upon any property of the defendants upon which writ of attachment may be levied; that it have judgment against the garnishees for any money, property, or other effects that they may have belonging to the defendants or for which they may be indebted for general and special relief as in duty bound it will ever pray."

Neither a writ of garnishment nor writ of attachment was applied for, but the mere mention made of such writs in the foregoing prayer is all that is shown in connection therewith.

Appellees answered by general and special exceptions, which were sustained by the court, and in the only assignment of error filed in this court no exception to that action of the court is taken. The cause was dismissed.

Only one assignment of error appears in the record in this case, but appellant has placed in its brief what is denominated a second assignment of error. It cannot be considered. No error is assigned as to the action of the court in sustaining the exceptions and dismissing the cause, the only error claimed being the action of the court in admitting in evidence a certain contract between the Sanitary Grocery Company and the Aluminum Goods Company, which was given in connection with and was a part of the transaction upon which the two acceptances were based and which was made a part of appellees' answer, in the consideration of the exceptions. The objection to the use of the contract was that "extraneous evidence is not admissible on a hearing on demurrers," and is immaterial because appellant was an innocent purchaser of the two notes. The contract was not introduced as evidence, but was read as a part of the answer of appellees. That answer was filed before the exceptions were acted on, and it must be considered in connection with the petition in determining whether the exceptions were properly sustained. Day Co. v. State, 68 Tex. 526, 4 S. W. 865; People v. Brockman (Tex. Civ. App.) 153 S. W. 907.

No complaint is urged to the action of the court in sustaining the exceptions to the petition, and no fundamental error appears.

The judgment is affirmed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes